# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHRISTOPHER FRANKLIN,**
**Claimant Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 18-0570** (BOR Appeal No. 2052368)
(Claim No. 2016001501)

**CRAMER SECURITY & INVESTIGATIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Franklin, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cramer Security & Investigations, by Jane Ann Pancake and Jeffrey B. Brannon, its attorneys, filed a timely response.

The issues on appeal are compensability of additional conditions and medical benefits. The claims administrator denied the addition of post-traumatic headaches, memory loss, and concussion as additional compensable conditions in the claim on March 21, 2017. On May 18, 2017, it denied a request for a referral to Samrina Hanif, M.D. The claims administrator denied authorization of medical treatment at MedExpress on April 30, 2017, in its May 23, 2017, decision. The Office of Judges affirmed the decisions of the claims administrator in its December 1, 2017, Order. The Order was affirmed by the Board of Review on May 25, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Franklin, a security guard, was injured in a motor vehicle accident in the course of his employment on July 3, 2015. Treatment notes the following day from Plateau Medical Center emergency room indicate Mr. Franklin reported a low speed car accident that occurred when he swerved to avoid hitting a deer. He was wearing a seatbelt and the airbags did not deploy. It was noted that there was no loss of consciousness. Mr. Franklin was diagnosed with head injury, cervical sprain, and hip contusion. A CT scan of the head showed a heterogeneous appearance of

1

the frontal bone due to an old injury or surgery. Mr. Franklin was given discharge instructions for concussion and brain injury, hip injury, and cervical sprain.

The Employee's and Physician's Report of Occupational Injury, completed on July 8, 2015, indicates Mr. Franklin was in a motor vehicle accident while trying to avoid a deer. The physician's section was completed by Plateau Medical Center and lists the diagnoses as head injury, cervical sprain, and hip contusion. The claim was held compensable for head injury, cervical sprain, and hip contusion on October 21, 2015. On January 10, 2016, a second Employee's and Physician's Report of Occupational Injury indicates Mr. Franklin injured his head, neck, back, and hip when he lost control of his truck and hit a tree due to defective equipment. He also reported that he sustained a concussion and brain injury. The physician's section was completed at MedExpress and listed the diagnoses as cervical sprain and unspecified head injury.

Mr. Franklin sought treatment from MedExpress on March 2, 2016, stating that he had seen no improvement since the compensable injury. He reported neck pain, shoulder pain, foot pain, and headaches. Mr. Franklin also reported difficulty with memory. Examination was unremarkable except for pain upon cervical range of motion. He was diagnosed with cervical radiculopathy, cervical sprain, head injury, and lumbar sprain.

Mr. Franklin sought treatment from Dr. Hanif, a neurologist, on March 16, 2016. Dr. Hanif noted that he reported headaches since the compensable injury. He also alleged some memory loss. Mr. Franklin stated that he hit his head in the motor vehicle accident and lost consciousness for a few minutes. Dr. Hanif diagnosed post-traumatic headaches and recommended an EMG of the left arm. The EMG was performed on May 6, 2016, and was normal. Mr. Franklin returned to Dr. Hanif on May 19, 2016, and reported a host of symptoms including headaches, confusion, dizziness, fainting, irritability, insomnia, and anxiety. However, Mr. Franklin's neurological examination was normal. Dr. Hanif diagnosed post-traumatic headaches, memory loss, and frequent headaches. She opined that Mr. Franklin had reached maximum medical improvement from a neurological standpoint.

Joseph Grady, M.D., performed an independent medical evaluation on October 19, 2016, in which he noted that Mr. Franklin had a history of seizures in childhood as well as congenital cranial stenosis. A neurological evaluation was unremarkable. Dr. Grady opined that the compensable injury caused a cervical sprain. Dr. Grady noted that Mr. Franklin reported cognitive issues and opined that they would have to be evaluated by a neurologist to determine if they were the result of the compensable injury or his preexisting neurological abnormalities. Dr. Grady found that Mr. Franklin had reached maximum medical improvement. He assessed 5% impairment for cervical range of motion restrictions.

Mr. Franklin returned to MedExpress on November 3, 2016. At that time he had reduced cervical range of motion. He was diagnosed with left shoulder pain, peripheral nervous system disorder, idiopathic epilepsy, headaches, and neck pain. Dr. Hanif completed a diagnosis update on March 3, 2017, in which she requested that post-traumatic headaches, memory loss, and concussion be added to the claim. The claims administrator denied the request on March 21, 2017.

2

On April 30, 2017, Mr. Franklin returned to MedExpress and stated that he wanted seizures added to his workers' compensation claim. He stated that his family had started to notice him staring off and he does not realize when that is happening. Mr. Franklin was diagnosed with amnesia and released to return to work with no operating of heavy equipment. The claims administrator denied a request for a referral to Dr. Hanif on May 19, 2017. On May 23, 2017, it denied authorization of the April 30, 2017, MedExpress visit.

Bobby Miller, M.D., performed an independent neuropsychiatric forensic evaluation on July 3, 2017, in which he noted that Mr. Franklin reported wrecking his vehicle and losing consciousness for five minutes. He stated that he lost traction going around a curve and was not sure if there was a deer present or not. Dr. Miller noted that Mr. Franklin had a seizure disorder until age eight and surgery at three months old due to cranial stenosis. Mr. Franklin reported a host of symptoms to Dr. Miller including headaches, memory loss, sleep issues, dizziness, depression, personality changes, fatigue, anxiousness, confusion, seizures, racing thoughts, and anger issues. Dr. Miller performed an array of neuropsychological tests and found that the testing supports intact neuropsychological function without deficits. He opined that Mr. Franklin's headaches are likely a result of myofascial strain. Dr. Miller further opined that the evidence fails to support diagnoses of post-traumatic headaches, memory loss, or concussion. Dr. Miller diagnosed malingering and recommended Mr. Franklin see a neurologist for his staring spells. Dr. Miller opined, however, that the spells are unlikely to be related to the compensable injury.

Mr. Franklin testified in a deposition on July 13, 2017, that he remembered part of the motor vehicle accident but not all of it. He stated that he hit his head and lost consciousness. He also stated that he returned to work immediately and was told to take it easy. Mr. Franklin alleged that he was fired for sleeping on the job but that he was just stretched out at the time the pictures of him sleeping in his truck were taken. He testified that his memory loss and headaches began immediately after the injury but the seizures did not start until a little over a year later.

On October 6, 2017, Robert Walker, M.D., performed an independent medical evaluation in which he noted that Mr. Franklin reported headaches and short term memory loss since the compensable injury. Dr. Walker performed a mental status evaluation, which was normal. He assessed 8% cervical impairment, 2% left shoulder impairment, and 3% impairment for a closed head injury.

In its December 1, 2017, Order, the Office of Judges affirmed the claims administrator's decisions denying the addition of post-traumatic headaches, memory loss, and concussion as additional compensable conditions in the claim; denying a request for a referral to Dr. Hanif; and denying authorization of medical treatment at MedExpress on April 30, 2017. The Office of Judges found that Dr. Hanif completed the request for additional conditions; however, her treatment notes do not support her request. Dr. Hanif failed to mention post-traumatic headaches, concussion, or memory loss in the clinical findings section of the diagnosis update. She merely wrote that Mr. Franklin had left arm numbness of uncertain etiology. Further, Dr. Hanif's first treatment note failed to list objective findings and failed to explain how the symptoms are related to the compensable injury. The Office of Judges next found that a significant treatment gap existed in Dr. Hanif's treatment notes from May 19, 2016, to March 3, 2017. In Dr. Hanif's May 19, 2017,

3

treatment note, Mr. Franklin reported headaches, confusion, dizziness, fainting, insomnia, irritability, and anxiety. Dr. Hanif stated that he was at maximum medical improvement from a neurological standpoint at that time. Her objective findings were unremarkable.

The Office of Judges found that Dr. Miller evaluated Mr. Franklin and concluded that post-traumatic headaches, memory loss, and concussion are not related to the compensable injury. The Office of Judges also determined that the medical evidence contains numerous inconsistencies in regard to the compensable injury. Mr. Franklin first reported to the emergency department that he was involved in a low speed car accident, had no loss of consciousness, and that the impact was to the passenger side. His story changed over time and he reported that he lost consciousness and that he struck his head and shoulder on the left side of the truck even though the impact was to the right side. Lastly, the Office of Judges found that Mr. Franklin's symptoms are not proportionate to the compensable injury. Even assuming he struck his head and shoulder on the left side, his neurological and cognitive complaints were found to be unsupported by the medical evidence. Dr. Hanif's treatment notes were found to be superficial, and she found Mr. Franklin had reached maximum medical improvement and released him to return to work despite his reported symptoms.

Regarding the requested medical treatment, West Virginia Code § 23-4-3(a)(1) (2005) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. The Office of Judges found that the referral to Dr. Hanif was not medically related to or reasonably necessary for the compensable injury. The Office of Judges found that another referral to Dr. Hanif would not be necessary to treat a compensable condition. Post-traumatic headaches, memory loss, and concussion were not added to the claim, and those are the conditions for which Dr. Hanif provided treatment. Further, the request for a referral to Dr. Hanif was made by MedExpress nearly a year after Dr. Hanif released Mr. Franklin from her care.

Finally, the Office of Judges determined that the April 30, 2017, treatment at MedExpress should not be authorized. It found that while Mr. Franklin did report cervical pain at that visit, he provided no evidence supporting his assertion that the cervical sprain was causing his symptoms. His main complaints involved neurological and cognitive defects, which are not compensable in this claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Franklin failed to show by a preponderance of the evidence that post-traumatic headaches, memory loss, and concussion resulted from the compensable injury. Dr. Miller performed an independent neuropsychiatry forensic evaluation in which he opined that the conditions were unrelated to the compensable injury. His opinion is reliable and supported by a preponderance of the evidentiary record. Because the conditions are not compensable, treatment for them was also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison